Major, J.
This claim was brought to recover damages due to the alleged negligence of the State of New York in planning, constructing, maintaining, operating and controlling the section of Broadway in the city of Kingston where the street passes under the tracks of the New York Central Railroad, known as the Broadway Underpass, and particularly due to the failure of the State to provide adequate, sufficient and correct drainage thereof and for the State’s failure to remedy or alleviate the condition after notice.
Pursuant to the Grade Crossing Elimination Act (L. 1928, ch. 678, as amd.), this underpass was under construction within the city of Kingston by an independent contractor, and had not been fully completed or accepted. Broadway is a street in the city of Kingston, and is not part of the State highway system. The plans, including the storm and sanitary sewer changes were designed by the railroad engineers, approved by the State Department of Public Works, and finally approved by order of the Public Service Commission. The plans approved by the State Department of Public Works did not show, and the State had no knowledge of a bay window connection or any connection between the two sewers, which claimant maintains was the cause of the overflow of the sanitary sewer in the underpass.
On October 2,1952, about 4:45 p.m., claimant was driving her 1948, four-door Studebaker car in a southerly direction on Broadway, and came to the north end of the underpass. It was raining and had been raining for about fifteen minutes. Going in the same direction, there was an automobile about thirty feet and an oil truck ten or twelve feet ahead of her. At that time, claimant was in the right lane of the four-lane street, and the oil truck in the lane to her left. The automobile which was traveling ahead of claimant, went through the underpass. The oil truck slowed up at the edge of the downgrade of the underpass and passed through.
*369 The claimant applied her brakes at the approach to the underpass as she observed the slowing down of the oil truck and saw the water which had accumulated at the low point of the underpass, splashing as the cars passed through. Claimant testified that at a point on her descent into the underpass, there was an explosion to the right of her car and the water hit the forward part and side thereof, showering the windows on the right side. Four or five manhole covers were floating on top of the water which poured out of the manholes into the underpass. The motor of claimant’s car stopped and the car rolled onto the bottom of the underpass. In about two minutes, the level of the water rose and filled claimant’s car over her lap, as she was sitting therein. She tried to start the car, but did not succeed and remained in the car for at least forty-five minutes until it was pulled out by a tow truck.
Claimant knew of other recent flood conditions in heavy rains at this incompleted underpass. She also knew that the underpass area was, and had been, under construction. In approaching the underpass, she observed the water therein and by her own election proceeded through. If the claimant operated her car properly, she could have driven through without stalling. •
About 4:30 p.m. on that day and shortly before claimant’s accident, Frank B. Hornbeck, a member of the Kingston fire department, who later helped rescue claimant, answered a fire call and upon reaching the south end of the underpass saw “ quite a bit of water ” and detoured to the fire.
Claimant did not make a sufficiently sincere effort to leave the car after it stopped, although the evidence shows an opportunity to do so, and thereby avoid any injury to her person from the effects of sitting in water, if any. The evidence does not show such personal injury or ill effects to the satisfaction of this court.
The court finds that there is no actionable negligence chargeable to the State which was a proximate cause of this accident or which contributed thereto.
The court finds that the claimant did not operate her car and act in a manner as would have been expected of an ordinary, prudent person under such circumstances, and she was and is chargeable with contributory negligence.
The motion of the State to dismiss the claim made at the close of the trial is granted. The claim, therefore, is dismissed.
Judgment is directed accordingly.